**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HEALIX INFUSION THERAPY, INC., AND HEALIX, INC., | § § § § § § § § § § § § § | |
| *Plaintiffs,* | | |
| vs. | | CIVIL ACTION NO. 4:17-CV-357 |
| HEALIX, INC. AND THE INTERPUBLIC GROUP OF COMPANIES, INC., | | |
| *Defendants.* | | |

## ORIGINAL COMPLAINT

Plaintiffs Healix Infusion Therapy, Inc. and Healix, Inc. (collectively "Healix") assert claims against Defendants Healix, Inc. and The Interpublic Group of Companies, Inc. (collectively "Defendants") for trademark infringement under federal and state law, unfair competition, false designation of origin, violations of the Texas Anti-Dilution statute and Texas Business and Commerce Code and seek a permanent injunction, damages, their attorney's fees and costs, and such other relief as the Court deems just and proper.

## PARTIES

1. Plaintiffs Healix, Inc. and Healix Infusion Therapy, Inc. are both corporations organized under the laws of the State of Texas and maintain their principal offices at 14140 Southwest Fwy, Suite 400, Sugar Land, Texas 77478.

2. Defendants Healix, Inc. and The Interpublic Group of Companies, Inc. are both corporations organized under the laws of the State of Delaware and maintain their principal offices at 100 West 33rd St., New York, New York 10001 and 909 Third Ave., 24th Floor, New York, New York 10022, respectively.

## JURISDICTION AND VENUE

3. The Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to 15 U.S.C. §1125, and 28 U.S.C. §§1331 and 1338. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so closely related to the federal claims brought herein as to form part of the same case or controversy.

4. The Court has personal jurisdiction over Defendants because, upon information and belief, they have deliberately directed their activities to Texas in the form of conducting business with entities located within the Southern District of Texas using Healix's marks and at least one of the named defendants has registered to do business with the Texas Secretary of State's Office. Further, upon information and belief, Defendants have engaged in other activities in Texas using Healix's marks.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c) because, as set forth more fully below, a substantial part of the events or omissions giving rise to Healix's claims in this matter occurred in the Southern District of Texas.

## FACTS COMMON TO ALL CLAIMS

**A. Healix and its Marks**

6. Since 1989, Healix has conducted business throughout the United States and is currently registered to do business in 37 states to provide a broad range of services, which include those related to infusion therapy, practice management and pharmacy. In so doing, Healix actively markets its services to medical practices, individual physicians, pharmaceutical companies and others within the healthcare industry.

7. With respect to pharmaceutical companies, Healix offers strategic development services from the launch phase in order to increase market share and open new communication channels with physicians. Additionally, Healix offers pharmaceutical verification and validation services, as well as research, distribution and data reporting services to these same companies as well.

8. These services are promoted at tradeshows and conferences, on Healix's website, through its sales staff and via a year-round marketing campaign. As such, Healix has expended substantial resources marketing and maintaining the strength of its brand and as a result, pharmaceutical companies, as well as others within the healthcare industry, have developed a strong association between the Healix name and the high quality services it offers.

9. Further, to protect its brand while promoting its services, Healix has registered the following trademarks with the United States Patent & Trademark Office ("USPTO"), all of which are valid, subsisting, and in full force and effect (collectively, the HEALIX MARKS"):

| MARK | REGISTRATION NO. & DATE | GOODS & SERVICES |
|---|---|---|
| HEALIX INFUSION THERAPY | 5040828 9/13/2016 | Business administration of pharmacy reimbursement programs and services; Electronic data interchange services in the field of healthcare transactions such as claims, eligibility, claim status, electronic remittance advice, prior authorizations, attachments and referrals that allow direct transaction and payment communications between healthcare providers and payers. |
| HEALIX | 4435372 11/19/2013 | Claims administration services in the field of health insurance; Financial consultancy services in the area of healthcare; Medical consulting services in the field of disease infection control. |
| HEALIX PURCHASING GROUP | 4364318 7/19/2013 | Wholesale ordering services in the field of pharmaceuticals. |

3

| | | |
|---|---|---|
| HEALIX THERAPEUTICS | 4364310 7/9/2013 | Dispensing of pharmaceuticals. |
| HEALIX | 3741947 1/26/2010 | Computer software for controlling and managing patient medical information. |
| HEALIX CENTRAL PHARMACY | 3736944 1/12/2010 | Dispensing of pharmaceuticals specializing in the preparation of compounded medications. |
| HEALIX HEALTH SERVICES | 3736567 1/12/2010 | Healthcare. |
| HEALIX PRACTICE SIMPLICITY | 3697483 10/20/2009 | Healthcare. |
| HEALIX | 3101469 6/6/2006 | Export of medical goods, including drugs, supplies, and durable medical equipment. |
| HEALIX | 3098782 5/30/2006 | Administering pharmacy reimbursement programs and services. |
| HEALIX | 3098781 5/30/2006 | Retail pharmacy services, inventory management services in the field of pharmacy, and employment, recruiting, and placement services in the medical profession; Providing medical information via the Internet, and nursing care services. |
| HEALIX | 2258592 7/6/1999 | Medical management of physician practices, namely, medical cost management of physician practices; business management of physician practices; cost management for the health benefit plans of others in physician practices; health care services, namely, maintaining files and records concerning the medical condition of individuals of physician practices and managed health care services. |

10. The HEALIX MARKS are highly distinctive assets which constitute evidence of Healix's ownership and its exclusive right to use the them in commerce in connection with the identified services pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b). Moreover, with the exception of Registration Nos. 5040828, 4435372, 4364318 and 4364310, the HEALIX

4

MARKS have become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b), and, as such, provide incontrovertible evidence of their validity. Copies of Healix's registrations from the USPTO's TSDR Database evidencing the foregoing registrations are attached hereto as Exhibit "A".

**B. Defendants' Infringing Activities**

11. In August of 2016, The Interpublic Group of Companies, Inc. ("IPG"), a self-described provider of marketing solutions, registered the domain name <healixglobal.com> through a domain name registrar.[1]

12. Subsequently, IPG incorporated "Healix, Inc." in Delaware, followed by its registration as a foreign corporation in both New York and New Jersey in October of 2016. IPG's intent was to establish this new entity as one of its global divisions and for it to operate within the healthcare industry.

13. Once incorporated, the <healixglobal.com> website appeared online, which reveals that Defendants, by way of their infringement upon the HEALIX MARKS, focus exclusively on assisting pharmaceutical companies target physicians and consumers in order to increase their market share, albeit through media-related opportunities and strategies.

14. As evidenced on the <healixglobal.com> website, Defendants have infringed upon the HEALIX MARKS to obtain pharmaceutical clients such as Bristol-Myers Squibb, Teva, Biogen, Aralez Pharmaceuticals, Taiho Oncology, Roche, Lexicon Pharmaceuticals, Endo Pharmaceuticals, Vivus, Mallinckrodt Pharmaceuticals, Merck, Synergy Pharmaceuticals, Sun

---

[1] In 2013, Healix, the plaintiff in this lawsuit, was involved in a non-litigated infringement dispute with a third party that previously owned the <healixglobal.com> domain. Ultimately, the third party agreed to change its name and cease from using and re-registering the <healixglobal.com> domain. After the <healixglobal.com> domain became available, Defendant IPG registered it through GoDaddy.com, LLC.

5

Pharma, Shire, Avanir Pharmaceuticals and Eagle Pharmaceuticals, several of which Healix, the plaintiff in this lawsuit, conducts business with at the present time.

15. After Healix discovered the <healixglobal.com> website and learned that Defendants offer similar services to its existing and prospective clients through their infringement upon the HEALIX MARKS, Healix undertook further investigation into Defendants' actions. Upon doing so, Healix learned that Defendants also market their services in some of the same media outlets as Healix and that a third-party website previously existed which erroneously confused the parties' services and contact information with each other. Likewise, Healix also learned of other websites that intertwined search results for the parties.

16. As a result, on or about January 10, 2017, Healix contacted Defendants by letter, requesting that they cease and desist from any further infringement upon the HEALIX MARKS in connection with their services.

17. On or about January 25, 2017, Defendants responded by stating that they disagreed as to the existence of any likelihood of confusion between the parties' marks. While Defendants concluded their response by stating that they would further investigate the matter, their unauthorized conduct has continued and is a willful and deliberate attempt to trade upon the extensive and exclusive goodwill of the HEALIX MARKS.

18. When considering that Healix and Defendants operate within the same industry, offer similar services in conjunction with the overlap of existing and prospective clients, as well as the inability for certain websites to distinguish between them as a result of the unauthorized use, adoption and infringement upon the HEALIX MARKS in commerce, Defendants' actions are likely to cause confusion, mistake and deception within the relevant market and, unless enjoined

by this Court, will continue to cause irreparable injury and other damages to Healix's business, reputation and goodwill in its federally registered trademarks.

## CLAIM ONE

### INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARKS

19. Healix incorporates by reference the allegations set forth in the preceding paragraphs.

20. Defendants have infringed upon the HEALIX MARKS in interstate commerce by various acts, including, without limitation, the adoption, sale and marketing of services similar to those offered by Healix bearing the infringing marks.

21. Defendants' adoption and use of the infringing marks is without permission or authority from Healix and has caused and is likely to cause further confusion, mistake and/or deceive those in the relevant market.

22. Defendants adopted and used the infringing marks in connection with services similar to those of Healix notwithstanding Healix's well-known and prior established rights in the registered trademarks and with both actual and constructive notice of Healix's registrations under 15 U.S.C. §1072.

23. By engaging in the complained-of conduct, Defendants used in commerce, without the consent of Healix, a reproduction, counterfeit, copy or colorable imitation of the registered trademarks and/or reproduced, counterfeited, copied or colorably imitated the registered trademarks or applied a reproduction, counterfeit, copy or colorable imitation of the registered trademarks to its website and other tangible items intended to be used in commerce or reach consumers in violation 15 U.S.C. §1114.

24. The conduct of Defendants has been and continues to be willful, entitling Healix to damages including statutory and trebled damages.

25. Defendants' activities have caused and, unless enjoined by this Court, will continue

to cause, irreparable injury and other damages to Healix, its business, its reputation and goodwill because Healix has no adequate remedy at law.

## CLAIM TWO

### INFRINGEMENT OF COMMON LAW TRADEMARKS AND TRADE NAME

26. Healix incorporates by reference the allegations set forth in the preceding paragraphs.

27. By engaging in the aforementioned conduct, Defendants have infringed upon Healix's common law trademarks and trade name.

28. Defendants' infringement of Healix's common law trademarks and trade name has been and continues to be willful, entitling Healix to damages, including statutory damages.

29. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Healix, its business, its reputation and goodwill because Healix has no adequate remedy at law.

## CLAIM THREE

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

30. Healix incorporates by reference the allegations set forth in the preceding paragraphs.

31. Defendants' adoption and use of the infringing marks constitutes a false designation of origin and/or a false and misleading description of their services and is likely to cause confusion, cause mistake and/or to deceive as to the affiliation, connection or association of Healix or as to the origin, sponsorship or approval of the services of Healix in violation of 15 U.S.C. §1125(a).

32. The conduct of Defendants has been and continues to be willful, entitling Healix to damages, including statutory and trebled damages. Further, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of their unlawful conduct.

33. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Healix, its business, its reputation and goodwill because Healix has no adequate remedy at law.

## CLAIM FOUR

### VIOLATION OF THE TEXAS ANTI-DILUTION STATUTE

34. Healix incorporates by reference the allegations set forth in the preceding paragraphs.

35. The HEALIX MARKS are distinctive.

36. Defendants' use and continued use of the infringing marks will cause blurring or tarnishing of the HEALIX MARKS.

37. The conduct of Defendants has been and continues to be willful, entitling Healix to damages including statutory and trebled damages.

38. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Healix, its business, its reputation and goodwill because Healix has no adequate remedy at law.

## CLAIM FIVE

### STATE UNFAIR COMPETITION PURSUANT TO TEXAS BUS. & COMM. CODE § 16.29

39. Healix incorporates by reference the allegations set forth in the preceding paragraphs.

40. The actions of Defendants constitute unfair competition in violation of the law of the State of Texas because they were calculated to deceive the relevant market into accepting and purchasing Defendants' services on the mistaken belief that they are Healix's services, or that they are sponsored by, connected with, or supplied under the supervision of Healix.

41. Defendants' adoption and unauthorized use of the HEALIX MARKS constitutes unfair competition. By such use, Defendants have represented that their services are actually those supplied by Healix and create a likelihood that the relevant market will be confused or

deceived.

42. Defendants' actions constitute dilution, unfair competition, unjust enrichment and misappropriation of Healix's rights under Tex. Bus. & Comm. Code, § 16.29 and the common law of the State of Texas. Such actions permit, and will continue to permit, Defendants to use and benefit from the goodwill and reputation earned by Healix to readily obtain acceptance of the services offered, all at Healix's expense.

43. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Healix, its business, its reputation and goodwill because Healix has no adequate remedy at law.

## CLAIM SIX

### COMMON LAW UNFAIR COMPETITION

44. Healix incorporates by reference the allegations set forth in the preceding paragraphs.

45. Defendants' activities complained of constitute common law unfair competition under Texas common law in that they are likely to cause the relevant market to believe that Defendants' services originate from the same source as, or are sponsored or approved by Healix, or that there is an association, affiliation or connection between Defendants and Healix.

46. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Healix, its business, its reputation and goodwill because Healix has no adequate remedy at law.

## PRAYER FOR RELIEF

Healix prays that after due proceedings, the Court:

1. enter judgment against Defendants on all claims;

2. enter a permanent injunction restraining Defendants, together with their officers, employees, agents, successors and assigns or others acting in concert with them, from infringing upon the HEALIX MARKS in connection with their business;

3. direct an accounting audit to determine Defendants' profits resulting from the activities complained of herein, and that such profits be paid over to Healix;

4. award all damages sustained as a result of Defendants' infringement and unfair competition, and that said damages be trebled;

5. award all statutory damages, costs and fees as provided for in 15 U.S.C. § 1117(d), and applicable Texas Statutes; and

6. grant to Healix such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Scott Weiss*
Scott Weiss
State Bar No.: 24042134
Southern District Bar No. 38224
14140 Southwest Freeway, Suite 400
Sugar Land, Texas 77478
281-295-4122 (Direct)
832-201-0687 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**
**HEALIX INFUSION THERAPY, INC.**
**AND HEALIX, INC.**